IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Case No. 1:22-cr-92 |
| | : | |
| ALLISON ELIZABETH FLUKE-EKREN, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT ALLISON ELIZABETH FLUKE-EKREN'S
RESPONSE TO GOVERNMENT'S MEMORANDUM TO AID THE COURT'S REVIEW
OF THE DEFENDANT'S OBJECTIONS TO THE PSR**

Comes Now the Defendant, Allison Elizabeth Fluke-Ekren, by counsel, and pursuant to the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution, and respectfully responds to the Government's memorandum filed October 28, 2022. ECF 61.

The Defendant concurs with the Government that its sentencing argument should be focused on the terrorism conduct at issue in this case. Government's Memo at 1-2. This is consistent with the Court's order dated October 12, 2022, which stated that the Defendant "will be sentenced for the illegal conduct for which she has been found guilty and not for domestic issues preceding that conduct." ECF 50 at 1-2, 3-4.

As the Defendant stated in her position on sentencing and in her objections to the PSR, the Defendant is without the time and resources to defend against newly revealed, uncorroborated and un-investigated child abuse allegations that have never been reported to, or investigated by, any law enforcement agency. It would take the Defendant months, if not longer, and untold defense hours and travel to properly investigate and defend against such claims —

1

some of which are so outrageous that they are inherently incredible.[1] As such, the Defendant respectfully submits that it is unnecessary to continue to litigate this alleged conduct because it should not be considered by the Court.

Notwithstanding the Court's order, the Government repeatedly referred to this purported "domestic conduct" in its position on sentencing as well as purported child abuse in the Middle East unrelated to the Defendant's involvement in ISIS. It should be noted that this has multiplied the Defendant's punishment as several news organizations have already published articles about the alleged abuse such that it will be forever imprinted on the internet.[2]

The Government asserts in its memorandum that the Court will be able to evaluate for itself the demeanor and credibility of the Defendant's daughter (CW-1) during her victim impact statement. However, as the Court noted in its order permitting her testimony, CW-1's statement must be focused on "her interactions with the Defendant that fall within the conspiracy" to which the Defendant pled guilty, not to unrelated allegations. It should also be noted that the Defendant has no right to cross-examine this testimony,[3] and even if she did, she may choose not to exercise it—a reason why the Defendant pled guilty was to avoid putting her own daughter through the ordeal of testifying in a trial against her.

The Government in its memorandum also complains that the Defendant did not disclose underlying materials that its clinical psychologist reviewed in preparing her expert report diagnosing the Defendant with complex PTSD (which is hardly controversial in light the terrible

---

[1] It is not disputed that crime victims sometimes do not disclose abuse until long after the fact. It is also not disputed that victims sometimes engage in "victim playing" wherein they exaggerate or wholly makeup claims as a coping strategy, attention seeking, or other reasons. However, this need not be resolved here as the sentencing should be focused on the offense conduct to which the Defendant has accepted responsibility.

[2] *See e.g.* https://abcnews.go.com/US/wireStory/family-details-horrific-abuse-hands-female-isis-leader-92015017 (last visited on October 31, 2022).

[3] The Sixth Amendment's Confrontation Clause applies to trial testimony.

2

and repeated traumas the Defendant experienced in Syria, including the loss of loved ones). The Government did ask for these materials. In reply to the Government's request, the Defendant respectfully inquired of the Government's legal justification as to why the Defendant should provide them. The Government provided no valid authority.

Respectfully submitted,

\_\_\_\_\_/s/_____
Sean A. Sherlock (VSB# 82633)
Joseph King (VSB# 65632)
King, Campbell, Poretz & Mitchell PLLC
118 N. Alfred Street
Alexandria, Virginia 22314
(703) 683-7070
Fax: (703) 652-6010
sean@kingcampbell.com
jking@kingcampbell.com

3

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was filed via ECF and thereby forwarded to all counsel of record on this 31st day of October 31 2022.

          _____/s/_____
          Joseph King (VSB# 65632)
          King, Campbell, Poretz & Mitchell PLLC
          118 N. Alfred Street
          Alexandria, Virginia 22314
          (703) 683-7070
          Fax: (703) 652-6010
          sean@kingcampbell.com
          jking@kingcampbell.com